# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| Glenn Gilmore, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:08-cv-01388-JOF |
| Account Management, Inc., | : | |
| | : | |
| Defendant. | : | |
| | : | |

## OPINION AND ORDER

This matter is before the court on Plaintiff's motion for entry of default judgment [3] and the Report and Recommendation of Magistrate Judge Linda T. Walker [6].

Plaintiff, Glenn Gilmore, sued Defendant, Account Management, Inc., on April 9, 2008, alleging several violations of both the Federal Fair Debt Collection Practices Act (FDCPA) and the Georgia Fair Business Practices Act (FBPA). Plaintiff moved for the Clerk of the Court to enter default against Defendant on August 11, 2008, which the Clerk did on August 12, 2008. Subsequently, Plaintiff filed the present motion for default judgment. Magistrate Judge Linda T. Walker issued this Report and Recommendation in which she recommends that Plaintiff's motion for default judgment be granted on all of Plaintiff's claims. Defendant has filed no objections to the Report and Recommendation.

Having been read and considered, the court hereby ADOPTS as modified the Report and Recommendation as the order of the court.

**Georgia Fair Business Practices Act**

Georgia law clearly holds that the FBPA does not apply to "essentially private transactions." *Borden v. Pope Jeep-Eagle*, 200 Ga. App. 176, 178 (1991). "[U]nless it can be said that the defendant's actions had . . . potential harm for the consumer public[,] the act or practice cannot be said to have impact on the consumer marketplace." *Id*. If the acts or practices could have no effect on the consumer marketplace, they are not regulated by the FBPA. *Id*. In *Borden*, the plaintiff purchased a car from the defendant, and the defendant provided financing for the car through a simple interest loan. 200 Ga. App. at 176. The defendant later dishonored the loan contract, and the plaintiff filed suit alleging a violation of the FBPA, among other things. *Id*. at 177. The trial court directed a verdict for the defendant on the FBPA claim, and the plaintiff appealed. *Id*. at 178. The court of appeals held that the trial court did not err because

> There [was] no evidence that the defendant's actions . . . had the potential for harming the general public. Defendant did not advertise simple interest contracts to the general public nor was there evidence that it was defendant's practice to sell cars promising simple interest installment loans and later attempt to dishonor those contracts.

*Id*. Because the defendant's actions affected only the plaintiff, the plaintiff's FBPA claim failed. *Id*. *Compare Campbell v. Beak*, 256 Ga. App. 493, 495-96 (2002) (relying on

2

defendant's public advertisements and evidence that defendant acted similarly towards people other than plaintiff to hold that plaintiff could bring an FBPA claim).

Here, Plaintiff presents no evidence that Defendant's alleged violations of the FBPA had the potential to harm the general public. Plaintiff does not discuss any advertising on the part of Defendant or any similar actions in collecting debts from other consumers. Plaintiff also did not allege any other facts that indicate that Defendant's actions could have harmed the consumer public. Therefore, Plaintiff's FBPA claims fail, and Plaintiff cannot recover any general or treble damages requested under the FBPA.

The court DENIES Plaintiff's motion for default judgment on the issue of Defendant's liability under the Georgia Fair Business Practices Act ("FBPA"). The court further DENIES Plaintiff's request for any damages under the FBPA.

**Federal Fair Debt Collection Practices Act**

The court ADOPTS the recommendation of the Magistrate Judge to grant Plaintiff's motion for default judgment against Defendant on Plaintiff's FDCPA claims. The court further ADOPTS the recommendation of the Magistrate Judge to award Plaintiff statutory damages, attorneys' fees, and costs under the FDCPA with the following clarification.

In Plaintiff's request for general or actual damages, he only addresses the right to those damages under the FBPA. Because Plaintiff does not request general damages under the FDCPA, only statutory damages regarding Plaintiff's FDCPA claims will be granted.

3

The court GRANTS Plaintiff's request for statutory damages under the Federal Fair Debt Collection Practices Act in the amount of $1,000.

The burden is on Plaintiff to show that the attorneys' fees he requested are reasonable and "inline with prevailing market rates." *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). That case requires something more than "the affidavit of the attorney performing the work." *Id*. The only affidavit submitted in this case is that of Plaintiff's attorney. Despite the fact that Plaintiff's counsel did not provide the affidavit of a third party, the court finds that the hourly rate of $295 as noted in the billing records provided by Plaintiff is a reasonable hourly fee. In exercising its billing judgment, the court also finds reasonable the 6.3 hours Plaintiff's counsel spent on this case. Therefore, the court GRANTS Plaintiff's request for attorneys' fees in the amount of $1,858.50. The court also GRANTS Plaintiff's request for costs in the amount of $386.40.

**Conclusion**

The court GRANTS IN PART and DENIES IN PART Plaintiff's motion for default judgment. Defendant is DIRECTED to pay Plaintiff $1,000 in statutory damages under the Federal Fair Debt Collection Practices Act; $1,858.50 in attorneys' fees; and $386.40 in costs, for a total of $3,244.90.

AO 72A
(Rev.8/82)

**IT IS SO ORDERED** this 31st day of August 2009.

               /s J. Owen Forrester
               J. OWEN FORRESTER
         SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)