# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| Glenn Gilmore, | : |
|     Plaintiff, | : |
| v. | : CIVIL ACTION NO. |
| | : 1:08-cv-01388-JOF |
| Account Management, Inc., | : |
|     Defendant. | : |

## OPINION & ORDER

This matter is before the court on Plaintiff's Motion for Extension of Time to File Motion for Reconsideration [10]; Plaintiff's Motion for Extension of Time File an Appeal [9]; Plaintiff's Motion for Reconsideration [11]; and Plaintiff's Motion to Expedite Consideration of Post Judgment Motions [12].

On August 31, 2009, this court granted in part and denied in part Plaintiff's motion for default judgment [7]. In accordance with Fed. R. Civ. P. 59(e) and Fed. R. App. P. 4(a), Plaintiff's motion for reconsideration was due ten (10) days after entry of the judgment, and Plaintiff's notice of appeal is due thirty (30) days after that date. Plaintiff did not file his motion for reconsideration until September 24, 2009, outside the allowed period of time. Along with his motion, Plaintiff filed three other motions. The first requests that this court

extend Plaintiff's time for filing the motion for reconsideration under Fed. R. Civ. P. 6(b). Docket Entry [10]. Plaintiff's attorney miscalculated when the motion for reconsideration was due, and Plaintiff contends this is excusable neglect. Plaintiff's second motion requests that this court extend the deadline for Plaintiff's notice of appeal under Fed. R. App. P. 4(a)(5), asserting that "[w]ithout the grant of this extension of time to appeal, Plaintiff may be forced to proceed with an appeal which could be avoided if the District Court had adequate time to consider the pending motions." D.E. [9], 2. Finally, Plaintiff requests that this court make expedited consideration of his motions under Local Rule 7.2, N.D. Ga. because Plaintiff's appeal deadline occurs "within approximately one week." D.E. [12], 1.

The court cannot extend the time in which Plaintiff should have filed its motion for reconsideration.[1] *Glass v. Seaboard Coast Line R.R. Co.*, 714 F.2d 1107, 1109 (11th Cir. 1983) ("A Rule 59(e) motion to alter or amend the judgment must be served within 10 days after entry of judgment. This 10-day period is jurisdictional, . . . and cannot be extended in the discretion of the district court."). Furthermore, this court cannot grant Plaintiff an extension of time regarding his notice of appeal because his counsel's actions do not constitute excusable neglect. *Advanced Estimating Sys., Inc. v. Riney*, 130 F.3d 996, 998

---

[1]The court assumes Plaintiff's motion for reconsideration is being made under Fed. R. Civ. P. 59(e) because Plaintiff is asserting that the deadline for him to file has passed. Unlike the ten-day period given for a Rule 59(e) motion, a motion for reconsideration made under Fed. R. Civ. P. 60 only has to be made within a reasonable time, which in some instances, can be up to one year from the entry of the judgment.

2

(11th Cir. 1997) ("Attorney error based on a misunderstanding of the law [is] an insufficient basis for excusing a failure to comply with a deadline.").

The court DENIES Plaintiff's Motion for Extension of Time to File Motion for Reconsideration [10]. The court DENIES Plaintiff's Motion for Extension of Time File an Appeal [9]. The court DENIES AS MOOT Plaintiff's Motion for Reconsideration [11]. The court DENIES AS MOOT Plaintiff's Motion to Expedite Consideration of Post Judgment Motions [12].

**IT IS SO ORDERED** this 28th day of September 2009.

/s J. Owen Forrester<br>
J. OWEN FORRESTER<br>
SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)